UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| REX C. WISEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04684-JMS-DML |
| | ) | |
| REYNOLDS FARM EQ., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on Defendant Reynolds Farm Equipment's ("Reynolds") Motion to Dismiss for Failure to Obey a Court Order, [Filing No. 9], filed pursuant to Federal Rule of Civil Procedure 41(b). Reynolds seeks to dismiss *pro se* Plaintiff Rex Wiseman's employment discrimination lawsuit as a sanction for Mr. Wiseman's delay in paying the filing fee. In the alternative, Reynolds seeks an extension of time in which to file its answer. For the reasons described below, the Court **DENIES** Reynolds' Motion to Dismiss and **GRANTS** its alternative request for an extension of time to plead.

### I.
#### BACKGROUND

On December 20, 2017, Mr. Wiseman, proceeding *pro se*, filed suit against Reynolds, alleging employment discrimination. [Filing No. 1.] At the same time, Mr. Wiseman moved for leave to proceed *in forma pauperis*; that is, Mr. Wiseman sought to proceed without prepaying the $400 filing fee. [Filing No. 2.] On December 21, 2017, the Court denied Ms. Wiseman's motion for leave to proceed *in forma pauperis* and ordered Mr. Wiseman to pay the filing fee on or before January 24, 2018. [Filing No. 5 at 1.] Mr. Wiseman did not pay the filing fee by the January 24, 2018 deadline.

On January 5, 2018, counsel appeared on behalf of Reynolds. [Filing No. 7.] On February 5, 2018, Reynolds filed its Motion to Dismiss. [Filing No. 9.] Four days later, on February 9, 2018, the Court received Mr. Wiseman's filing fee, [Filing No. 10], and response in opposition to Reynolds' Motion, [Filing No. 11]. Reynolds did not file a reply. Reynolds' Motion to Dismiss is therefore ripe for determination.

## II.
### DISCUSSION

Reynolds moves to dismiss Mr. Wiseman's lawsuit for failure to comply with the Court's earlier order directing Mr. Wiseman to pay the filing fee on or before January 24, 2018. [Filing No. 9.] Reynolds argues that Mr. Wiseman has had "ample time to pay the filing fee" and therefore asks the Court to either dismiss the lawsuit or order Mr. Wiseman to show cause why the lawsuit should not be dismissed. [Filing No. 9 at 2.]

In response, Mr. Wiseman explains that he did not receive the Court's Order denying his motion for leave to proceed *in forma pauperis*. [Filing No. 11.] Mr. Wiseman explains that as soon as he received Reynolds' Motion to Dismiss, he travelled to the Clerk's Office and paid the fee. [Filing No. 11 at 1.]

Rule 41(b) explains that "a defendant may move to dismiss the action or any claim against it" where a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The decision to dismiss a matter under Rule 41(b) is committed to the discretion of the District Court, and *pro se* plaintiffs, like all litigants, "must follow court rules and directives." *McInnis v. Duncan*, 697 F.3d 661, 664-65 (7th Cir. 2012) (per curiam). However, courts must carefully assess whether a proposed sanction is proportional to a party's conduct, mindful that dismissal is a harsh sanction warranted only where a plaintiff engages in serious neglect. *Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017).

In this case, Mr. Wiseman's conduct falls far short of serious neglect, as Reynolds likely realized when it decided not to file a reply in support of its motion. Within several days of the filing of the Motion to Dismiss, Mr. Wiseman paid the outstanding filing fee and filed a response to Reynolds' Motion explaining the delay. While Mr. Wiseman should take steps to ensure that he receives all court filings going forward, the Court concludes that dismissal is not warranted under the circumstances present here.

### III.
#### CONCLUSION

For the foregoing reasons, the Court **DENIES** Reynolds' Motion to Dismiss, [9]. The Court **GRANTS** Reynolds' alternative request for an extension of time in which to file its answer. Reynolds requests a 30-day extension from the date of Mr. Wiseman's payment of the filing fee. Reynolds' answer is therefore due on or before **March 12, 2018**. Additionally, Mr. Wiseman states that he did not receive the Court's Order dated December 21, 2017, [Filing No. 5]; **the clerk is directed** to include a copy of that entry along with Mr. Wiseman's copy of this Order.

Finally, the Court notes that the address included in Mr. Wiseman's response brief matches the address presently on file. [Filing No. 11 at 2.] Mr. Wiseman is reminded of his obligation to notify the Court in writing should his address change in the future.

Date: 2/23/2018

*signature*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

REX C. WISEMAN
15952 S.E. Pkwy.
Fortville, IN 46040